IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RODNEY JOE RUNNING CRANE, <br><br> Defendant. | CR 17-20-BMM <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States accused Rodney Joe Running Crane of violating his conditions of supervised release by 1) committing domestic abuse, 2) consuming alcohol, 3) unlawfully possessing a controlled substance, and 4) using a controlled substance. He neither admitted or denied violation 1, admitted to violation 2, and denied violations 3 and 4. Mr. Running Crane's supervised release should be revoked. He should be sentenced to six months in custody, with fifty four months of supervised release to follow.

1

## II. Status

On May 10, 2017, United States District Judge Brian Morris sentenced Mr. Running Crane to sixty-six days in custody, with sixty months of supervised release to follow, after he pleaded guilty to Failure to Register as a Sex Offender. (Doc. 29). Mr. Running Crane began his first term of supervised release on May 10, 2017.

The United States Probation Office filed a Report on Offender Under Supervision on August 1, 2017, notifying the Court that Mr. Running Crane had used methamphetamine on July 24, 2017, consumed alcohol on July 25, 2017, and failed to report for urine testing on July 26, 2017. (Doc. 31). Mr. Running Crane was allowed to continue his supervised release.

**Petition**

The Probation Office filed a petition asking the Court to revoke Mr. Running Crane's supervised release on August 15, 2017, alleging that Mr. Running Crane violated Mandatory Condition 1 of his supervised release by committing a domestic abuse on August 12, 2017, when law enforcement responded to a report of domestic abuse. Mr. Running Crane's wife reported that Mr. Running Crane had struck her in the face and bitten her arms. Law enforcement noted a bruise on the right side of her face with significant swelling as well as several bruises on her

arm. The Petition further alleges that Mr. Running Crane violated Special Condition 12 of his supervised release by consuming alcohol, as his BAC at the time of his arrest was 0.118. Finally, the Petition alleges that Mr. Running Crane violated Mandatory Conditions 2 and 3, stating that on August 12, 2017, law enforcement noticed intravenous needle marks on Mr. Running Crane's arm, to which he advised the officers that he was injecting morphine. Law enforcement also advised that Mr. Running Crane appeared to be under the influence of methamphetamine. (Doc. 32). Based on the petition, Judge Morris issued a warrant for Mr. Running Crane's arrest. (Doc. 33).

**Initial appearance**

Mr. Running Crane appeared before the undersigned on August 29, 2017, in Great Falls, Montana. Federal Defender Tony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Jeff Starnes represented the United States.

Mr. Running Crane said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceeding before the undersigned. The hearing commenced.

**Revocation hearing**

Mr. Running Crane admitted that he violated his supervised release by

consuming alcohol. The admitted violation is serious and warrants revocation of his supervised release. The United States did not put on any evidence in support of alleged violations, 1, 3, or 4. The Court therefore determines that the United States did not meet its burden of proof in relation to these alleged violations.

Mr. Running Crane's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty four months. He could be ordered to remain on supervised release for sixty months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Gallagher proposed Mr. Running Crane be held in custody for five months. Mr. Starnes argued that Mr. Running Crane should be incarcerated for six months. Mr. Running Crane addressed the Court and stated that he has been working and that he no longer has a substance abuse problem.

### III. Analysis

Mr. Running Crane's supervised release should be revoked because he admitted violating its conditions. Mr. Running Crane should be incarcerated for six months, with fifty four months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary.

## IV. Conclusion

Mr. Running Crane was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Rodney Joe Running Crane violated the conditions of his supervised release by consuming alcohol on August 12, 2017.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Running Crane's supervised release and committing him to the custody of the United States Bureau of Prisons for six months, with fifty four months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 27th day of September, 2017.

John Johnston
United States Magistrate Judge