## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR-17-20-GF-BMM-JTJ** |
| Plaintiff, | |
| vs. | **ORDER** |
| RODNEY JOE RUNNING CRANE, | |
| Defendant. | |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 22, 2019. (Doc. 71). Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on May 22, 2019. The United States alleged that Defendant Running Crane violated the conditions of his supervised release: 1) by using marijuana; 2) by committing another crime; 3) by failing to provide truthful answers to questions asked by his probation officer; 4) by having contact with Desaray Whitegrass; 5) by failing to provide truthful

answers to questions asked by his probation officer; 6) by failing to notify his probation officer of a change in employment status; 7) by failing to notify his probation officer of a change in residence; and 8) by failing to update his address as required under the Sex Offender Notification Act.  (Docs. 70, 71 at 2).

Defendant Running Crane admitted that he had violated the conditions of his supervised release: 1) by using marijuana; 2) by failing to provide truthful answers to questions asked by his probation officer; 3) by having contact with Desaray Whitegrass; 4) by failing to notify his probation officer of a change in residence; and 5) by failing to notify his probation officer of a change in residence.  (Doc. 71 at 2-3).  The government proved that Running Crane had violated the conditions of his supervised release by failing to update his address as required under the Sex Offender Notification Act.  *Id.* at 3.  The government dismissed alleged violations 2 and 6.  *Id.*  The violations that were admitted by Running Crane and proved by the government remain serious and warrant revocation of Running Crane's supervised release.

Judge Johnston has recommended that the Court revoke Running Crane's supervised release and commit Running Crane to the custody of the Bureau of Prisons for 1 year and 1 day.  *Id.* at 4.  Judge Johnston has recommended no supervised release to follow his custody period.  *Id.*

The Court finds no clear error in Judge Johnston's Findings and Recommendations. Running Crane's violations represent a serious breach of the Court's trust. A custody term of 1 year and 1 day with no supervised release to follow is sufficient but not greater than necessary.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 71) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendant Rodney Joe Running Crane receive a custody sentence for 1 year and 1 day with no supervised release to follow.

DATED this 30th day of May, 2019.

Brian Morris
United States District Court Judge